

FILED
JAN 1 4 2008
Jan 14, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS PENSION FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS EDUCATION FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS RETIREMENT FUND, <br><br> Plaintiffs, <br><br> v. <br><br> FOUR SEASONS HEATING &, COOLING, INC., an Illinois Corporation, and DAWN FRANCO, individually, <br><br> Defendants. | 08CV306 <br> JUDGE KENDALL <br> MAG. JUDGE ASHMAN |

## COMPLAINT

Plaintiffs, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS PENSION FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS EDUCATION FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS RETIREMENT FUND, by their attorneys, DONALD D. SCHWARTZ, PHILIP BRZOZOWSKI and ARNOLD AND KADJAN, complain against Defendants, FOUR SEASONS HEATING & COOLING, INC., an Illinois corporation, and DAWN FRANCO, individually, as follows:

1. (a) Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185(a) as amended.

(b)   Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2.   Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3.   (a)   The Plaintiffs in this count are BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUND, et al. ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b)   The Funds have been established pursuant to collective bargaining agreements previously entered into between the Plumbers and Pipefitters Local 501 ("Local 501") and certain employer associations whose members' employees are covered by the collective bargaining agreement with the Local 501. The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws. The funds are administered pursuant to the terms and provisions of the Agreements and Declarations of Trust which establish the Funds.

4.   (a)   Defendant, FOUR SEASONS HEATING & COOLING, INC., an Illinois corporation, (**"Four Seasons"**) is an Illinois corporation and is doing business within this Court's jurisdiction.

(b)   **Four Seasons** is an employer engaged in an industry affecting commerce.

5. **Four Seasons** has entered into a collective bargaining agreement with Local 501 pursuant to which it is required to make periodic contributions to the Funds on behalf of certain of its employees.

6. By virtue of certain provisions contained in the collective bargaining agreements, **Four Seasons** is bound by the Trust Agreement establishing the Funds.

7. Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, **Four Seasons** is required to make contributions to the Funds on behalf of its employees for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the collective bargaining agreements and the Trust Agreement and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiffs' accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

8. Defendant, DAWN FRANCO, is on information and belief President of Defendant, **Four Seasons.**

9. Defendants, **Four Seasons**, an Illinois corporation, and DAWN FRANCO, individually, co-signed and guaranteed an Installment Note entered into by **Four Seasons** in resolution of certain delinquent contributions and corresponding liquidated damages and associated costs. (See copy of Installment Note attached hereto as Exhibit "A")

10. The Note is in default since January 1, 2008. There is an unpaid balance of **$27,841.14** on the Note.

11. Default on the Note accelerates the entire balance due.

12. Defendants, **Four Seasons,** an Illinois corporation, and DAWN FRANCO, individually, have failed to make payment despite repeated demand for payment.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. Judgment be entered against Defendants, **Four Seasons,** an Illinois Corporation, and DAWN FRANCO, individually, and for Plaintiffs in the amount of **$27,841.14,** as provided in the applicable agreements and ERISA Section 502(g)(2).

B. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action;

C. Defendant be enjoined from willfully violating the terms of the collective bargaining agreement and trust instruments by failing to make timely payments to the Funds.

D. Plaintiffs be awarded liquidated damages, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. Section 1132 (g)(2), in the amount of up to 20% of the contributions found due pursuant to the Audit.

E. Plaintiffs be awarded their costs herein, including Audit costs and reasonable attorneys' fees incurred in the prosecution of this action and pre-judgment interest provided for by the applicable agreements and/or Section 502(g)(2) of ERISA.

F. That the court grant Plaintiffs such other and further relief as it may deem appropriate in the circumstances.

## COUNT II

1-7. Plaintiffs repeat and reallege Paragraphs 1-7 of Count I as Paragraphs 1-7 of Count II.

8.     Plaintiffs are advised and believe that for the period April 1, 2007 through present, **Four Seasons** has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the collective bargaining agreement and Trust Agreement by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

9.     An audit by the Plaintiffs' accountant of the books and records of Defendant, **Four Seasons**, is necessary in order to determine any further amounts the Defendant, **Four Seasons**, owes to the Plaintiffs for the period from April 1, 2007 to the present.

10.    Due to its failure to pay the contributions, **Four Seasons** is further obligated to pay contributions in an amount shown to be due under an audit.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A.     That Defendant be ordered to submit the books and records of the Defendant Company to an accountant selected by Plaintiffs for the purpose of conducting a fringe benefit compliance audit for the period from April 1, 2007 to the present.

B.     That Judgment be entered for Plaintiffs and against Defendant, in the amount shown to be due under such audit.

C.     That Defendant be enjoined from willfully violating the terms of the collective bargaining agreement and trust instruments by failing to make timely payments to the Funds.

D.     That Plaintiffs be awarded liquidated damages, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. Section 1132 (g)(2), in the amount of up to 20% of the contributions found due pursuant to the Audit.

E.   That Plaintiffs be awarded their costs herein, including Audit costs and reasonable attorneys' fees incurred in the prosecution of this action and pre-judgment interest provided for by the applicable agreements and/or Section 502(g)(2) of ERISA.

F.   That the court grant Plaintiffs such other and further relief as it may deem appropriate in the circumstances.

> Respectfully submitted,
> **BOARD OF TRUSTEES OF THE
> NORTHERN ILLINOIS BENEFIT
> FUND, et al.**
>
> By: /s/ Philip Brzozowski
> One of their Attorneys

Donald D. Schwartz
Philip Brzozowski
ARNOLD AND KADJAN
19 West Jackson Blvd.
Chicago, Illinois 60604
(312) 236-0415

**EXHIBIT A**

Case 1:08-cv-00306 Document 1 Filed 01/14/2008 Page 7 of 8

# INSTALLMENT NOTE

**$55,682.28 Principal and Interest**                                    March 1, 2007

    For Value Received, the undersigned promises to pay to the order of **Northern Illinois Benefit Funds** the principal sum of **Fifty Two Thousand Three Hundred Seven 08/100 ($52,307.08)** Dollars.

Payable in installments as follows:

**Three Thousand Ninety Three 46/100 ($3,093.46)** Dollars on the **1st** day of **April, 2007. Three Thousand Ninety Three 46/100 ($3,093.46)** Dollars on the **1st** day of each month beginning on the **1st** day of **May, 2007** and for **15** month(s) succeeding, and a final payment of **Three Thousand Ninety Three 46/100 ($3,093.46)** Dollars on the **1st** day of **September, 2008** with interest on the balance of principal remaining from time to time unpaid at the rate of **8%** per cent per annum, payable on the due dates for installments of principal as aforesaid. There is a six (6) day grace period. Any payment received after the 7th day of the month for which it is due (regardless of weekends or holiday) will be in default.

    All payments on account of the indebtedness represented by this Note shall be applied first to accrued and unpaid interest and the remainder to principal. Any installments of principal not paid when due shall bear interest after maturity at the rate of **18** per cent per annum. Payments of both principal and interest shall be made at **ARNOLD AND KADJAN, 19 WEST JACKSON BOULEVARD, CHICAGO, IL 60604-3958** or such other place as the legal holder hereof may from time to time in writing appoint.

    The payment of this Note is secured by a Security Agreement in the nature of a chattel mortgage, bearing even date herewith, from the undersigned to _____
on personal property_____

in the County of _____, Illinois. The undersigned's residence (chief place of business) is at _____, Illinois.

    The undersigned is to remain current in the above-payments during the term of this note. The undersigned is also to remain current in its/his/her monthly contributions to the Fund during the term of this note. Failure to do so will be considered a default, causing the remaining unpaid Note balance to become immediately due and payable.

    At the election of the payee or legal holder hereof and without notice, the principal sum remaining unpaid hereon, together with accrued interest thereon, shall become at once due and payable at the place of payment aforesaid in case of default in the payment, when due, of any installment of principal or interest, or any portion thereof, in accordance with the terms hereof or in case of default as defined in said Security Agreement. In the event of default, the payee or legal holder hereof shall be entitled to reasonable costs of collection, including reasonable attorney's fees.

    The undersigned hereby authorizes, irrevocably, any attorney of any court of record to appear for the undersigned in such court, in term time or vacation, at any time after default in the payment of any installment of the principal hereof, and confess judgment without process in favor of the payee or holder of this Note for such amount as may appear to be unpaid thereon, together with reasonable costs of collection including reasonable attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that said attorney may do by virtue hereof.

    If this Note is signed by more than one person or entity, the obligations and authorizations hereunder shall be joint and several.

    All parties hereto severally waive presentment for payment, notice of dishonor and protest.

_____          _____
Dawn J. Franco, President                                Dawn J. Franco, Individually
Four Seasons Heating & Cooling, Inc.